HALL, Judge.
E.K. challenges the order terminating her parental rights to M.J.S. She contends that the order is not supported by clear and convincing evidence and that she was not informed of her right to an attorney in the dependency proceeding of this matter as required by Florida Rule of Juvenile Procedure 8.320(a)(1) and section 39.465(1)(a), Florida Statutes (1991). We find that the order is supported by clear and convincing evidence; but, we must reverse because E.K. was not properly informed of her right to counsel.
Rule 8.320(a)(1) requires trial courts to inform parents at each stage of dependency proceedings of their right to counsel, and section 39.465(1)(a) requires that parents be so informed at each stage of the proceedings under part VI of chapter 89.
In order to terminate parental rights, the trial court must find, inter alia, that there is clear and convincing evidence that the parent has been informed of her right to counsel in the dependency proceeding. Section 39.467(3), Fla.Stat. (1991). The transcript of the dependency hearing in this case reveals that E.K. was not informed of her right to counsel. In addition, the trial court made no such finding in the order terminating E.K.’s parental rights. Section 39.468(1), Fla.Stat. (1991).
Accordingly, we must reverse the order terminating E.K.’s parental rights to M.J.S. and remand for a new dependency hearing. We note that on remand the trial court may enter an order directing that M.J.S. continue in foster care pending further proceedings. Section 39.468(2)(a), Fla.Stat. (1991).
Reversed and remanded.
THREADGILL and PARKER, JJ., concur.